NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50559 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-02509-IEG |
| v. | |
| RAUL VILLAVICENCIO-BURRUEL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Chief District Judge, Presiding

Submitted September 27, 2011[**]

Before:    SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

Raul Villavicencio-Burruel appeals from the 46-month sentence imposed on

remand following an appeal from his jury-trial conviction for attempted entry after

deportation and making a false claim to citizenship, in violation of 8 U.S.C. § 1326

and 18 U.S.C. § 911, respectively.  We have jurisdiction under 28 U.S.C. § 1291,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

and we affirm.

Villavicencio-Burruel argues that the district court erred in applying the 16-level crime of violence enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). That issue is foreclosed by our decision in *United States v. Villavicencio-Burruel*, 608 F.3d 556 (9th Cir. 2010), as he acknowledges.

He raises two additional contentions of procedural error. First, he argues that the district court failed to consider the unwarranted sentence disparity created by the split between this court and the Fifth Circuit on application of the crime of violence enhancement to convictions under California Penal Code § 422. The record belies this contention and makes clear that the district court was fully apprised of the inter-circuit split.

Next, he contends that the district court failed to address his arguments regarding his rehabilitation since the time of his initial sentencing. The record reflects that the court entertained his arguments, and its statements at sentencing were sufficient to permit meaningful appellate review of its below-Guidelines sentence, the substantive reasonableness of which sentence is not challenged. *See United States v. Carty*, 520 F.3d 984, 992-93, 995 (9th Cir. 2008) (en banc).

**AFFIRMED.**