NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50441 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-03327-MMA-1 |
| v. | |
| ANTONIO MUNIZ-BRAVO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted November 7, 2011
Pasadena, California

Before: SCHROEDER and LEAVY, Circuit Judges, and GILLMOR,
District Judge.[**]

Antonio Muniz-Bravo appeals from his jury-trial conviction and 70-month

sentence for being a removed alien found in the United States in violation of 8

U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291. We review de novo

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Helen W. Gillmor, United States District Judge for the District of Hawaii, sitting by designation.

the district court's denial of a motion to dismiss an 8 U.S.C. § 1326 indictment when the motion to dismiss is based on alleged due-process defects in the underlying removal proceeding. *United States v. Villavicencio-Burruel*, 608 F.3d 556, 559 (9th Cir. 2010). We also review de novo alleged violations of the Confrontation Clause, *id.* at 560, and the denial of a motion for acquittal, *see United States v. Tucker*, 133 F.3d 1208, 1214 (9th Cir. 1998). We affirm.

The district court properly denied Muniz-Bravo's motion to dismiss the indictment because entry of the underlying 1993 removal order did not violate Muniz-Bravo's due process rights. During the 1993 removal proceedings the immigration judge ("IJ") ensured Muniz-Bravo knowingly and voluntarily waived his rights to counsel and to appeal. Before the 1993 group hearing, the government served Muniz-Bravo with an Order to Show Cause, which advised Muniz-Bravo in Spanish and English of his rights to counsel and to appeal. At the hearing, the IJ orally advised the group of their right to retain counsel:

> You have a right to be represented at every stage of this proceeding by a lawyer or by some other qualified person of your own choice. Further, if you want a lawyer but don't have money, I will postpone your hearing to a later date so that you can obtain free legal representation and then I'll afford you an individual hearing with your lawyer. If you believe that you have a legal right to be in the United States or if you want to fight your deportation, it seems to me that's in your best interest to have a lawyer represent you. On the other hand, the law does not require that you have a lawyer, and you may if you wish represent yourself.

The IJ then inquired of the group:

> With this explanation in mind, if you want a lawyer to represent you, either a free lawyer, or if you want to hire a lawyer, please stand and then I'll postpone your hearing.

The IJ indicated for the record that no one stood in response to his inquiry, and also confirmed that each member of the group had been provided with a written list of the free legal service programs and a written explanation of their appeal rights.

The IJ then orally advised the group of their appeal rights:

> In addition to your right to a lawyer, your have the right . . . to take an appeal from any decision I make that you do not agree with.
>
> The appeal right is very important, because if you are ordered deported and you tell me you wish to appeal, your departure from the United States would not be enforced until a higher court reviews the record and makes its own decision.

The IJ next advised the group that he was going to call them up one at a time:

> When your name is called, please come up and sit in the chair . . . near the microphone. When you come up here I shall ask you again if you want a free lawyer. If you do, I will simply postpone your hearing and then arrange for an individual hearing later with your lawyer present. If you tell me you don't want a free lawyer, then I shall ask you if you understand the deportation charge that's filed against you. I shall ask you whether you admit that you are deportable, that is, you plead guilty to the deportation charge, or you deny deportability and plead innocent. Then I'll quickly go over the items in your order with you so that I can determine if there's a valid basis for your plea. . . .

10-50441

I'll tell you what my decision is, that is, whether you will or will not be ordered deported. And finally, I'll remind you that if you're not satisfied with the decision in your case, you have a right to take an appeal to a higher court and have the higher court review the record.

The IJ called Muniz-Bravo for his individual questioning. The IJ asked Muniz-Bravo twice whether he wanted a free lawyer to represent him, and Muniz-Bravo twice declined. After signing Muniz-Bravo's order of deportation, the IJ asked Muniz-Bravo whether he wanted to appeal and have his case reviewed by a higher court. Again, Muniz-Bravo declined. Under these circumstances, Muniz-Bravo's waiver of his rights to counsel and to appeal were both knowing and voluntary. *See Ram v. Mukasey*, 529 F.3d 1238, 1242 (9th Cir. 2008); *cf. United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000).

Muniz-Bravo's contention that his due process rights were violated when the IJ failed to advise him of the availability of voluntary departure in 1993 fails because Muniz-Bravo's criminal history precluded any reasonable possibility that he was eligible for voluntary departure. *See* 8 U.S.C. §§ 1101(f)(7) and 1254(e) (1993).

Muniz-Bravo contends the evidence presented to the jury was insufficient to establish beyond a reasonable doubt that he was physically removed from the United States, in particular, because Agent Lopez testified he was only "80 percent" certain that he had removed Muniz-Bravo in 2009. The district court

properly denied Muniz-Bravo's motion for acquittal because there was sufficient evidence on which a rational juror could have found that Muniz-Bravo had been physically removed from the United States in 1996 and 2009. *See United States v. Zepeda-Martinez*, 470 F.3d 909, 913 (9th Cir. 2006) (warrant bearing alien's name, signature, fingerprint, and immigration case number, as well as the name, title, and signature of an immigration officer who witnessed the removal, sufficient alone to support a finding of removal beyond a reasonable doubt).

Muniz-Bravo's contention that his Sixth Amendment right to confrontation was violated by the admission of a warrant of removal and other documents from his Alien Registration File is foreclosed, *see United States v. Orozco-Acosta*, 607 F.3d 1156, 1164 (9th Cir. 2010), as is his contention that *Almendarez-Torres v. United States*, 523 U.S. 224 (1998) has been effectively overruled by *Nijhawan v. Holder*, 129 S. Ct. 2294 (2009), *see United States v. Valdovinos-Mendez*, 641 F.3d 1031, 1035-36 (9th Cir. 2011), *cert. denied*, No. 11-5415, 2011 WL 4536103 (U.S. Oct. 3, 2011).

**AFFIRMED.**