**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50406 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-00918-JAH-1 |
| v. | |
| JOSE ANTONIO MARTINEZ-FLORES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted August 9, 2012
Pasadena, California

Before: REINHARDT, SILVERMAN, and WARDLAW, Circuit Judges.

Jose Antonio Martinez-Flores appeals the sentence imposed by the district

court following his guilty plea to being a deported alien found in the United States

in violation of 8 U.S.C. § 1326(a). We affirm.

---

&ast; This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Martinez-Flores argues that the district court erred in determining that his 2007 conviction for felony false imprisonment, Cal. Penal Code §§ 236/237, constituted a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A). For the purposes of § 2L1.2, the term "crime of violence" means "any . . . offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, cmt. n.1(B)(iii). The requisite degree of physical force is "force capable of causing physical pain or injury to another person." *Johnson v. United States*, 130 S. Ct. 1265, 1271 (2010).

As the government correctly concedes, California felony false imprisonment is not a crime of violence under the categorical approach, because it may be committed by means of "fraud" or "deceit." Cal. Penal Code § 237. However, Martinez-Flores's prior conviction qualifies as a crime of violence under the modified categorical approach. Martinez-Flores admitted in his guilty plea that he "unlawfully used violence to violate the personal liberty of another." Under California law, false imprisonment by violence necessarily requires "the use of force beyond that required for simple restraint." *People v. Babich*, 18 Cal. Rptr. 2d 60, 65 (Ct. App. 1993). Where, as here, a defendant argues that a state offense is overbroad, "he must at least point to his own case or other cases in which the state

2

courts in fact did apply the statute in the special (nongeneric) manner for which he argues." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). Martinez-Flores has not pointed to, nor can we find, a single California case imposing a conviction for false imprisonment by violence in the absence of "force *capable* of causing physical pain or injury to another person." *Johnson*, 130 S. Ct. at 1271 (emphasis added). Nor has Martinez-Flores offered any cases in support of his theory that false imprisonment by violence may be effected by means of violence against property. We therefore conclude that false imprisonment by violence, Cal. Penal Code § 237, is a crime of violence for the purposes of U.S.S.G. § 2L1.2(b)(1)(A).

**AFFIRMED.**

*United States v. Martinez-Flores*, No. 11-50406

REINHARDT, Circuit Judge, dissenting:

The majority holds that felony false imprisonment by violence under California Penal Code §§ 236, 237 is categorically a "crime of violence" under § 2L1.2(b)(1)(A)(ii) of the United States Sentencing Guidelines ("U.S.S.G."). To be a crime of violence under the Guidelines, that offense must have "as an element the use, attempted use, or threatened use of physical force *against the person of another.*" U.S.S.G. § 2L1.2 cmt. n. 1(B)(iii). We have interpreted "physical force" to mean "*violent* force – that is, force capable of causing physical pain or injury *to another person.*" *United States v. Villavicencio-Burruel*, 608 F.3d 556, 561-62 (9th Cir. 2010) (internal quotation marks and citation omitted) (emphasis added).

False imprisonment by violence, as interpreted by the California courts, does not categorically have as an element the use, attempted use, or threatened use of violent force. "Violence" for purposes of false imprisonment is defined as "the exercise of physical force used to restrain over and above the force reasonably necessary to effect such restraint." *People v. Babich*, 18 Cal. Rptr. 2d 60, 63 (Cal. Ct. App. 1993). In *People v. White*, No. E031297, 2003 WL 21235557 (Cal. Ct. App. May 28, 2003), the California Court of Appeal held that this "violence" element could be satisfied by the act of locking a door. In that case, the defendant

1

sexually assaulted a young girl while she was in his car; at some point during the attack, he locked the doors using an electronic key button and the victim was unable to manually open the doors. *Id.* at *1-*2. The defendant argued on appeal that the evidence was insufficient to support his conviction for felony false imprisonment by violence, but the California Court of Appeal disagreed, holding: "Locking the SUV doors impeded the victim from making a quick escape and thus constituted additional force beyond that reasonably necessary to restrain the victim." *Id.* at *2-*3. Notably, the court did not cite to the physical force used in connection with the sexual assault to uphold the charge of false imprisonment. Nor did it cite the totality of circumstances. Finally, it did not hold that the act of locking the car doors constituted a threat of harm to the victim; it did not hold that the defendant was guilty of felony false imprisonment by *menace*, rather than violence. Instead, it plainly and unmistakably held that the simple unadorned act of locking the car doors, and that act alone, constituted "violence" for the purpose of false imprisonment, and that the defendant was thus guilty of felony false imprisonment by violence. In short, the California court held that the act of locking the doors constituted the "physical force . . . over and above the force reasonably necessary to effect such restraint." *Babich*, 18 Cal. Rptr. 2d at 63.

That act, however, is not violent force "capable of causing physical pain or

2

injury to another person." *Villavicencio-Burruel*, 608 F.3d at 561-62 (internal quotation marks and citation omitted). That is, the force used to lock the car doors is not in itself capable of causing pain or injury to a person. (That it might lead to further harms to the victim caused by other physical force used against her is a different matter.) Felony false imprisonment by violence, therefore, as interpreted by the California Court of Appeal in *White*, does not have "as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. n. 1(B)(iii).

It will not do to say that because the case is one in which the underlying crime involved the use of physical force against the victim for purposes of the crime of rape, the California court could have found that the underlying force constituted violence for purposes of false imprisonment. Maybe it could have, but it didn't. That was not what the California court held and whether or not it could have done so is wholly irrelevant. The court clearly posed the question of whether locking the doors to keep someone in the car, without more, constituted violence for purposes of the crime of false imprisonment. It held that it did. Nothing more. Nothing less.[1]

---

[1] In a section entitled "Sufficiency of Evidence of Felony False Imprisonment," the court held:

3

All that Martinez-Flores need do to succeed on his challenge is "point to at least *one case* in which the state courts applied the statute in the manner that he posits." *United States v. Ruiz-Apolonio*, 657 F.3d 907, 914 (9th Cir. 2011) (emphasis added); *see also Nunez v. Holder*, 594 F.3d 1124, 1130 n.2 (9th Cir. 2010) (discussing that one case is sufficient). *White* represents that one case: in *White*, the felony false imprisonment by violence statute was applied in a way that does not meet the definition of "crime of violence" under the Guidelines. Whatever the majority wishes that case had done, it held simply that locking the doors

> The narrow question here is whether there was sufficient evidence that defendant used violence over and above that force necessary to effectuate false imprisonment upon the victim. The prosecution argued defendant's act of locking the SUV doors constituted additional force beyond that reasonably necessary to restrain the victim. The defendant argues this did not constitute additional force for purposes of convicting him of felony false imprisonment because the victim could manually unlock the SUV door.
>
> We conclude there was sufficient evidence of restraint over and above the force reasonably necessary to restrain the victim. Locking the SUV doors impeded the victim from making a quick escape and thus constituted additional force beyond that reasonably necessary to restrain the victim. The victim testified at trial that shortly after she got in the SUV, defendant locked the SUV doors with an electronic lock button on the driver's side and, when she tried to unlock the door, she could not open it because the locks were "deep down inside"; "[t]here was no way I could open it."

*White*, 2003 WL 21235557, at *3.

4

constitutes violence. That does not meet the requirements of U.S.S.G. § 2L1.2(b). I

therefore dissent.