**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 19 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10421 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00289-KJM-1 |
| v. | |
| NICASIO ROMAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted March 10, 2014
San Francisco, California

Before: FARRIS, REINHARDT, and TASHIMA, Circuit Judges.

Nicasio Roman appeals his conviction and sentence for being a deported

alien found in the United States in violation of 8 U.S.C. § 1326. He challenges the

district court's denial of his motion to dismiss his indictment based on alleged due

process violations in his underlying removal proceeding. We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

under 28 U.S.C. § 1291, and we review de novo. *See United States v. Valdavinos-Torres*, 704 F.3d 679, 685 (9th Cir. 2012). We affirm.

An alien mounting a collateral attack on the underlying removal order "must, as a threshold matter, show that he exhausted his administrative remedies." *United States v. Valdavinos-Torres*, 704 F.3d 679, 685 (9th Cir. 2012) (quoting *United States v. Villavicencio-Burruel*, 608 F.3d 556, 559 (9th Cir. 2010)); *see also* 8 U.S.C. § 1326(d)(1). Here, the record reflects that Roman appealed the underlying removal order to the Board of Immigration Appeals, but later dismissed his appeal. Thus, Roman failed to exhaust his administrative remedies.

**AFFIRMED.**