**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 07 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50534 |
| Plaintiff - Appellee, | D.C. No. 3:13-CR-02467-JAH-1 |
| v. | |
| PABLO CALDERON-JIMENEZ, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted December 11, 2015
Pasadena, California

Before: NOONAN, LUCERO**, and NGUYEN, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Carlos F. Lucero, Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

1

Pablo Calderon-Jimenez appeals his conviction and sentence for being a removed alien found in the United States in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. The district court did not err in denying Calderon-Jimenez's motion to dismiss the indictment due to violations of due process in his 2008 expedited removal proceeding. Even assuming that the 2008 removal proceeding was defective, Calderon-Jimenez has failed to demonstrate any resulting prejudice as he had no "plausible grounds for relief." *United States v. Moriel-Luna*, 585 F.3d 1191, 1196 (9th Cir. 2009) (quotation omitted). First, because Calderon-Jimenez was not "inspected and admitted or paroled into the United States" in 2008, he was ineligible for adjustment of status and waiver of inadmissibility. *See* 8 U.S.C. § 1255(a); 8 U.S.C. § 1225(b)(1)(A)(I) (where alien is inadmissible under 8 U.S.C. § 1182(a)(7), the inspection officer in an expedited removal proceeding "shall order the alien removed from the United States without further hearing"); 8 U.S.C. § 1182(h) (listing five covered grounds subject to waiver of inadmissibility none of which are 8 U.S.C. § 1182(a)(7)). To the extent Calderon-Jimenez seeks to argue that he *should have* been paroled, such determinations are the discretion of the Attorney General and "cannot be appealed to IJs or courts." *Rodriguez v. Robbins*, 804 F.3d 1060, 1081 (9th Cir. 2015). Second, Calderon-Jimenez cannot make, as

2

he must, a plausible showing that the immigration officer would have exercised discretion in granting him a withdrawal of his application for admission. *United States v. Barajas-Alvarado*, 655 F.3d 1077, 1089 (9th Cir. 2011). The six factors set forth in the Inspector's Field Manual that govern this inquiry, *see id.* at 1090, weigh against Calderon-Jimenez, primarily because, as discussed above, he likely could not have overcome the ground of inadmissibility.

2. The district court did not abuse its discretion in denying Calderon-Jimenez's discovery motion for information about which aliens are permitted to withdraw their applications for admission and how such decisions are made by border patrol agents, given the broad, general scope of his written motion. *See United States v. Cadet*, 727 F.2d 1453, 1468 (9th Cir. 1984). Even assuming that he narrowed the discovery request at oral argument below—and the record is far from clear on this point—the denial of discovery was still not an abuse of discretion. As discussed above, the factors in the Inspector's Field Manual comprise the primary framework for determining the plausibility of relief, *Barajas-Alvarado*, 655 F.3d at 1089-90, and those factors strongly indicate that relief is

implausible here regardless of any comparative analysis. *See United States v. Budziak*, 697 F.3d 1105, 1113 (9th Cir. 2012).[1]

3. Even if the district court erred in applying *Batson v. Kentucky*, 476 U.S. 79 (1986), by failing to "evaluate the persuasiveness of the government's facially neutral reason," *United States v. Alvarez-Ulloa*, 784 F.3d 558, 565 (9th Cir. 2015), we nevertheless affirm on de novo review, *see id.* On appeal, Calderon-Jimenez invites a comparative juror analysis, *e.g.*, *Kesser v. Cambra*, 465 F.3d 351 (9th Cir. 2006) (en banc), but this analysis does not establish that the government's articulated race-neutral reasons regarding its strike of the only African-American member of the jury panel were pretextual. Of note, none of the other panel members had the same constellation of characteristics. *See Alvarez-Ulloa*, 784 F.3d at 567 (noting that struck juror had combination of factors "making him a more attractive target for a strike than" another juror).

4. The destruction of surveillance video footage from a camera tower located near the border did not result in a violation of Calderon-Jimenez's due process rights. There was no indication that the video would have established that

---

[1] Calderon-Jimenez's conclusory argument that the district court's ruling resulted in a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), is belied by the record, and similarly fails. *See Runningeagle v. Ryan*, 686 F.3d 758, 769 (9th Cir. 2012); *United States v. Doe*, 705 F.3d 1134, 1152 (9th Cir. 2013).

4

he entered the country in 2013 under constant observation constituting "official restraint." *See United States v. Ramos-Godinez*, 273 F.3d 820, 824 (9th Cir. 2001). For example, both border patrol agents involved in Calderon-Jimenez's apprehension testified that they were not directed to his location by any camera operators. Because the video evidence in question had little bearing on Calderon-Jimenez's defense, the government did not act in bad faith. *See United States v. Sivilla*, 714 F.3d 1168, 1172 (9th Cir. 2013).[2]

5. The district court did not plainly err in allowing the government to introduce into evidence a copy of Calderon-Jimenez's birth certificate obtained from his Special Agricultural Workers application file.[3] We cannot say that the use of his birth certificate seriously affected the fairness, integrity, or public reputation of the proceedings, *United States v. Chen Chiang Liu*, 631 F.3d 993, 999 (9th Cir. 2011), because the government also relied on other evidence—including Calderon-Jimenez's own statements to a border patrol agent that he was a Mexican

---

[2] For similar reasons, the lack of a jury instruction on this point—an issue not raised below—was not plain error. *See United States v. Flyer*, 633 F.3d 911, 916 (9th Cir. 2011).

[3] Plain error review is proper because Calderon-Jimenez did not raise this ground for excluding the birth certificate below. *See United States v. Sims*, 617 F.2d 1371, 1376 (9th Cir. 1980).

citizen—to establish his alienage, and Calderon-Jimenez did not challenge this issue during opening or closing statements.

6. Finally, the district court did not err in imposing a sentence of seventy months of imprisonment. Calderon-Jimenez's argument that a criminal threats conviction under California Penal Code § 422 was not a crime of violence under § 2L1.2 of the Sentencing Guidelines is squarely foreclosed by *United States v. Villavicenio-Burruel*, 608 F.3d 556, 563 (9th Cir. 2010). Further, Calderon-Jimenez's reliance on *Alleyne v. United States* for the proposition that a "finding of fact [that] alters the legally prescribed punishment so as to aggravate it" must be alleged in the indictment and submitted to the jury," 133 S. Ct. 2151, 2162 (2013), ignores the fact that prior convictions constitute a "narrow exception" to this general rule, *id*. at 2160 n.1 (citing *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998)).

**AFFIRMED.**