**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10073 |
| Plaintiff-Appellee, | D.C. No. 4:10-cr-00293-PJH |
| v. | |
| DEANZER ARLEE CLARK, a.k.a. Deaner Clark, a.k.a. Deanzer Clark, a.k.a. D.A.. | MEMORANDUM[*] |
| Defendant-Appellant, | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief Judge, Presiding

Submitted December 14, 2016[**]

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

Deanzer Arlee Clark appeals from the district court's judgment and

challenges the 15-month sentence imposed upon revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Clark contends that the district court erred by determining that his prior conviction for making criminal threats, in violation of California Penal Code § 422, was a "crime of violence" under U.S.S.G. § 7B1.1(a)(1)(A)(i). As Clark acknowledges, this argument is foreclosed. *See United States v. Villavicencio-Burruel*, 608 F.3d 556, 563 (9th Cir. 2010) (making criminal threats, in violation of California Penal Code § 422, "is categorically a conviction for a crime of violence"); *see also Arellano Hernandez v. Lynch*, 831 F.3d 1127, 1131 (9th Cir. 2016) ("*Villavicencio-Burruel* remains the law of this circuit.").

Clark further contends that the district court erred by basing the challenged determination on his underlying conduct, rather than the fact of conviction. We review for plain error, *United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and there was no error. Clark's contention is belied by the record, which reflects that the district court discussed Clark's underlying conduct when evaluating the application of the 18 U.S.C. § 3583(e) sentencing factors, as the court was required to do. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc).

**AFFIRMED.**