**NOT FOR PUBLICATION**

FILED

**UNITED STATES COURT OF APPEALS**

OCT 17 2024

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUNIOR STANDLY MARTINEZ-
MARTINEZ,

Defendant - Appellant.

No. 23-2654

D.C. No.
2:22-cr-00574-JJT-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Argued and Submitted September 12, 2024
Phoenix, Arizona

Before: RAWLINSON and COLLINS, Circuit Judges, and FITZWATER, District
Judge.[**]

Junior Standly Martinez-Martinez (Martinez-Martinez), a citizen of

Honduras, appeals from the district court's denial of his motion to dismiss the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Sidney A. Fitzwater, United States District Judge for
the Northern District of Texas, sitting by designation.

indictment charging him with illegal reentry in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We review *de novo* a motion to dismiss an indictment under 8 U.S.C. § 1326 on the basis of a claimed due process defect in the predicate deportation proceeding." *United States v. De La Mora-Cobian*, 18 F.4th 1141, 1145 (9th Cir. 2021) (citation omitted). "Mixed questions of law and fact . . . are also reviewed *de novo*, while the underlying facts are reviewed for clear error." *Id.* (citations omitted).

**1.** Martinez-Martinez contends that the district court erroneously denied the motion to dismiss the indictment because "he [demonstrated] a due process right to collaterally attack the 1998 Removal Order." "To prevail in a collateral attack on the underlying removal order in a motion to dismiss, [Martinez-Martinez] must, as a threshold matter, show that he exhausted his administrative remedies." *United States v. Villavicencio-Burruel*, 608 F.3d 556, 559 (9th Cir. 2010) (citations omitted); *see also* 8 U.S.C. § 1326(d).[1]

---

[1] "In a criminal proceeding under this section, [a non-citizen] may not challenge the validity of the deportation order . . . unless the [non-citizen] demonstrates that - - (1) the [non-citizen] exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the [non-citizen] of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). The district court held that Martinez-Martinez did not satisfy the first two requirements, and it therefore did not address the third.

Martinez-Martinez has not met the first threshold requirement. Martinez-Martinez maintains that administrative remedies were unavailable to him because the withdrawal of his "appeal [was] the functional equivalent" of an invalid waiver. However, in *Villavicencio-Burruel*, we held that, by "declin[ing] to exercise [the] right" to appeal, Villavicencio failed to "comply with § 1326(d)(1)'s exhaustion requirement." 608 F.3d at 560. We concluded that failure to file an appeal was not "tantamount to [him] waiving his appeal rights . . . and does not excuse the nonexhaustion." *Id*.

Federal regulations in effect when Martinez-Martinez filed his withdrawal treated the withdrawal of an appeal the same as failure to file an appeal. *See* 8 C.F.R. § 3.4 (1999). Therefore, the reasoning of *Villavicencio-Burruel* forecloses Martinez-Martinez's argument that the withdrawal of his appeal was the equivalent of an invalid waiver.

2.  Contrary to Martinez-Martinez's argument, he also failed to establish that he was deprived of an opportunity for judicial review. "Because he could have sought judicial review had he taken such an appeal, [Martinez-Martinez] was not deprived of the opportunity for judicial review and therefore did not satisfy § 1326(d)(2)." *United States v. Portillo-Gonzalez*, 80 F.4th 910, 920 (9th Cir. 2023) (alteration and internal quotation marks omitted). Thus, the district court did not err by denying the motion to dismiss the indictment because Martinez-Martinez

could not collaterally challenge the validity of the 1998 Removal Order. *See Villavicencio-Burruel*, 608 F.3d at 560; *see also United States v. Castellanos-Avalos*, 22 F.4th 1142, 1146 (9th Cir. 2022) (citation and quotation marks omitted) ("[A] failure to satisfy *any* of the three prongs [of § 1326(d)] dooms a collateral attack on a removal order.") (emphasis in the original).

**AFFIRMED.**