NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 23 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> MALLORY NEHEMIAH BROWN, <br><br> Defendant - Appellant. | No. 25-5757 <br><br> D.C. No. <br> 9:24-cr-00049-DLC-1 <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Argued and Submitted June 10, 2026
Portland, Oregon

Before: CHRISTEN, HURWITZ, and BADE, Circuit Judges.

Mallory Brown pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He appeals the district court's denial of his motion to withdraw his guilty plea and its determination that his previous conviction for bank robbery in violation of 18 U.S.C. § 2113(a) was a crime of violence under United States Sentencing Guideline § 2K2.1(a)(4).

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We have jurisdiction under 28 U.S.C. § 1291. We review a denial of a motion to withdraw a guilty plea for abuse of discretion, *United States v. Rios-Ortiz*, 830 F.2d 1067, 1069 (9th Cir. 1987), and review de novo whether a conviction constitutes a crime of violence, *United States v. Villavicencio-Burruel*, 608 F.3d 556, 561 n.3 (9th Cir. 2010). We affirm.

1. The district court did not abuse its discretion by denying Brown's motion to withdraw his guilty plea after the government produced police reports and FBI phone recordings showing that Brown had asked law enforcement to collect his firearms. To withdraw his guilty plea, Brown must show that he subjectively did not know of the "new reason to withdraw his plea," that he objectively "could not have known about or foreseen" it, and that the reason "could at least plausibly have motivated [him] not to have pled guilty." *United States v. Hernandez*, 105 F.4th 1234, 1239-40 (9th Cir. 2024) (cleaned up).

Brown failed to show that he "could not have known about or foreseen this new material basis for withdrawal at the time of his plea." *Id.* at 1240 (cleaned up). As the district court noted, Brown "himself made the phone calls that resulted in the recordings." Brown could have reasonably foreseen that the police and FBI would have recorded or otherwise documented a phone call from a person seeking to surrender firearms.

Moreover, the district court did not abuse its discretion by finding that it could

25-5757

not assess whether the new evidence was exculpatory—and therefore "could at least plausibly have motivated the defendant not to have pled guilty"—because Brown never submitted the evidence to the court. *Id.* at 1239 (cleaned up). Brown had the "burden to show a fair and just reason for withdrawal of a plea," *United States v. Nostratis*, 321 F.3d 1206, 1208 (9th Cir. 2003), and admitted below that the new evidence "cuts both ways." Brown's own description of the evidence suggests that he owned the firearms, contrary to his initial denial of ownership upon arrest. At most, the evidence shows mitigating circumstances, and Brown was able to so argue at sentencing.

2. Brown acknowledges that *United States v. Watson*, 881 F.3d 782, 786 (9th Cir. 2018) (per curiam), forecloses his argument that 18 U.S.C. § 2113(a), which outlaws both bank robbery and bank extortion, is indivisible and that bank robbery is therefore not categorically a crime of violence. He raises the issue only to preserve it for possible en banc consideration.

**AFFIRMED.**