# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 31, 2010

No. 09-40448

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DAVID ESPINOZA GUTIERREZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:08-CR-1289-1

Before DAVIS, WIENER, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

David Espinoza Gutierrez appeals from a conviction for being found illegally in the United States after deportation. He alleges that the district court erred in applying a sentence enhancement. We AFFIRM.

Gutierrez, a citizen of Mexico, was removed from the United States on April 12, 2007. He was found by the Border Patrol in Laredo, Texas, on July 25, 2008. He pled guilty to reentering the United States unlawfully.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-40448

At sentencing, the district court relied on the presentence investigation report and enhanced Gutierrez's sentence sixteen levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A). The enhancement was based on Gutierrez's 2006 California conviction for "inflict[ing] corporal injury on spouse," which the district court determined was a crime of violence under Section 2L1.2. Gutierrez received an adjusted offense level of twenty-four, which was reduced by two levels for acceptance of responsibility. With a total offense level of twenty-two and a criminal history category of IV, Gutierrez received a Guidelines imprisonment range of sixty-three to seventy-eight months. He was sentenced to sixty-three months of imprisonment.

On appeal, Gutierrez argues that the California offense is not a crime of violence. His argument focuses on whether one of the elements of the prior offense is "the use, attempted use, or threatened use of physical force." U.S.S.G. § 2L1.2 cmt. 1(B)(iii). Gutierrez's prior conviction was in 2006 for the California offense of "Willful infliction of corporal injury."

The relevant California statutory language is this:

> (a) Any person who willfully inflicts upon a person who is his or her spouse, former spouse, cohabitant, former cohabitant, or the mother or father of his or her child, corporal injury resulting in a traumatic condition, is guilty of a felony, and upon conviction thereof shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not more than one year, or by a fine of up to six thousand dollars ($6,000) or by both that fine and imprisonment.

Cal. Penal Code § 273.5(a).

The Ninth Circuit recently held that a violation of California Penal Code Section 273.5 is a "crime of violence" under U.S.S.G. § 2L1.2. *United States v. Laurico-Yeno*, 590 F.3d 818, 820 (9th Cir. 2010). The court concluded that the statute has as an element the use of physical force because "a defendant can be convicted under § 273.5 only if he or she intentionally uses 'physical force

against the person of another.'"  *Id.* at 821 (quoting U.S.S.G. § 2L1.2 cmt. 1(B)(iii)).

The appellant in *Laurico-Yeno* made the same argument as does Gutierrez here – that the statute does not require the use of force because it can be violated with the "least touching."  *Id.* at 822.  The Ninth Circuit rejected this argument, finding that "Section 273.5 does not penalize minimal, non-violent touchings. It penalizes the intentional use of force that results in a traumatic condition."  *Id.*

We reach the same conclusion.  Gutierrez has not presented, and we cannot discern, any plausible set of facts that could actually lead to a conviction under Section 273.5 without the use of violent or destructive force.

The district court properly characterized the California offense as a crime of violence.  AFFIRMED.