**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 2, 2010

No. 09-40500
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MOISES CRUZ-RODRIGUEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:

Moises Cruz-Rodriguez appeals from his conviction for illegal reentry into the United States. He contends that the district court erred by increasing his offense level by 16 levels based on 1997 California convictions of making criminal threats, under California Penal Code § 422, and willful infliction of corporal injury, under California Penal Code § 273.5. The district court determined that each offense is a "crime of violence" warranting the 16-level adjustment.

Cruz-Rodriguez argues that neither offense is a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Because he raises his contention for the first time on appeal, our review is for plain error. *See United States v. Lopez-Velasquez,*

526 F.3d 804, 806 (5th Cir. 2008).  A plain error is a forfeited error that is clear or obvious and affects the defendant's substantial rights.  *United States v. Ellis,* 564 F.3d 370, 377 (5th Cir.), *cert. denied,* 130 S. Ct. 371 (2009).  When those elements are shown, this court has the discretion to correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.* (internal quotation and citation omitted).

The term, crime of violence, is defined as "murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another."  U.S.S.G. § 2L1.2 cmt. 1(B)(iii).  We agree with Cruz-Rodriguez that neither offense is specifically enumerated in the Sentencing Guidelines' definition.  Cruz-Rodriguez also argues, however, that the 16-level adjustment was error because neither offense "has as an element the use, attempted use, or threatened use of physical force against the person of another."  *Id.*

With respect to the willful infliction of corporal injury offense, we previously rejected this argument in an unpublished opinion, holding that California Penal Code § 237.5(a) "penalizes the intentional use of force that results in a traumatic condition."  *United States v. Gutierrez,* 371 F. App'x 550, 551 (5th Cir. 2010) (unpublished) (internal quotation marks and citation omitted).  We find this reasoning persuasive.  Moreover, our previous decision is consistent with the Ninth Circuit's analysis of § 237.5(a).  *United States v. Laurico-Yeno,* 590 F.3d 818, 820 (9th Cir. 2010), *cert. denied,* 2010 WL 2551985 (Oct. 4, 2010) (No. 09-11533) ("Because the use of physical force against the person of another is an element of the statute, we hold that California Penal Code § 273.5 is a categorical crime of violence under U.S.S.G. § 2L1.2.").  Accordingly, we hold that the offense of willful infliction of corporal injury is a

crime of violence for the purpose of sentence adjustments under U.S.S.G. § 2L1.2(b)(1)(A)(ii).

On the other hand, with respect to the offense of making a criminal threat, we previously held in an unpublished opinion that "the use, attempted use, or threatened use of physical force against the person of another" is not an element of California Penal Code § 2L1.2(b)(1)(A)(ii) "because it is possible under [California] law for the State to obtain a conviction under . . . the terroristic threats statute without proof of the threatened use of physical force against another person . . . ." *United States v. De La Rosa-Hernandez*, 264 F. App'x 446, 447-49 (5th Cir. 2008) (unpublished) (internal quotation marks and citations omitted) (alteration in original). We likewise find this reasoning persuasive. In addition, this court reached the same conclusion with respect to a similar Pennsylvania statute, holding that the generic terroristic-threat offense at issue in that case is not a crime of violence. *United States v. Ortiz-Gomez*, 562 F.3d 683, 684-86 (5th Cir. 2009). Therefore, we hold that the offense of making a criminal threat is not a crime of violence for the purpose of sentencing adjustments under U.S.S.G. § 2L1.2(b)(1)(A)(ii).

Accordingly, the district court erred by relying on the criminal threat conviction in adjusting Cruz-Rodriguez's sentence. Nevertheless, that error did not affect his substantial rights and, therefore, did not constitute reversible plain error. *See United States v. Garza*, 587 F.3d 304, 309, 313 (5th Cir. 2009). The 16-level adjustment was appropriate solely on the basis of Cruz-Rodriguez's conviction for willfully inflicting a corporal injury. *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii).

AFFIRMED.