**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 3, 2012

Lyle W. Cayce
Clerk

No. 10-30481
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSEPH EMANUEL BAILEY,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:09-CR-75-1

Before SMITH, GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Joseph Emanuel Bailey pleaded guilty to failure to depart in violation of
8 U.S.C. § 1253(a)(1)(C) and was sentenced to 60 months of imprisonment and
two years of supervised release.  Bailey argues that the district court plainly
erred when it determined that his prior convictions for assault were crimes of
violence (COVs) warranting a 16-point increase in his offense level under
U.S.S.G. § 2L1.2(b)(1)(A)(ii).  He concedes that because he did not make this

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

objection in the district court, review is for plain error. *See Puckett v. United States*, 129 S. Ct. 1423, 1428 (2009).

The government and Bailey agree that the record as supplemented on appeal shows that Bailey was convicted of assault in the first degree under New York Penal Law § 120.10(3) and assault in the second degree under New York Penal Law § 120.05(4). Although these supplemental documents were never considered by the district court, it is appropriate for us to consider them on appeal. *See United States v. Garcia-Arellano*, 522 F.3d 477, 479-80 (5th Cir. 2008).

Bailey argues that neither of these convictions is a COV within the meaning of § 2L1.2(b)(1)(A)(ii). He contends these two statutes cannot be characterized as COVs because they require proof of recklessness and not intent. The government argues that both of these convictions qualify as the enumerated offense of aggravated assault and that both of them therefore meet the guideline definition of a COV.

Section 2L1.2(b)(1)(A)(ii) provides for a 16-level increase to a defendant's base offense level if he was previously deported after being convicted of a felony that is a COV. *United States v. Cervantes-Blanco*, 504 F.3d 576, 578-79 (5th Cir. 2007). The application notes define a COV as (1) any of a list of enumerated offenses, including "aggravated assault," or (2) "any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." § 2L1.2 cmt. n.1 (B)(iii). This court uses different tests when analyzing whether a particular offense amounts to a COV, and the test used depends on whether the offense is an enumerated one or has the use of physical force as an element. *United States v. Mendoza-Sanchez*, 456 F.3d 479, 481-82 (5th Cir. 2006). The definition of a COV is an either/or proposition, and if the statute falls within one of the enumerated offenses, there is no need to determine whether the statute has as an element

the use of force.  *See United States v. Olalde-Hernandez*, 630 F.3d 372, 374 (5th Cir. 2011).

"Because the guidelines do not define the enumerated offense of aggravated assault, this court applies a common sense approach, defining the enumerated crime by its generic, contemporary meaning."  *United States v. Torres-Diaz*, 438 F.3d 529, 536 (5th Cir. 2006) (citations omitted).  "Our primary source for the generic contemporary meaning of aggravated assault is the Model Penal Code."  *Id.*

Utilizing the common sense approach to compare the Model Penal Code to New York Penal Law § 120.10(3), it is apparent that the only appreciable difference between the authorities is that Model Penal Code § 211.1(2)(a) requires serious "bodily" injury and § 120.10(3) requires serious "physical" injury.  Both require a heightened standard of recklessness, in the case of the Model Penal Code "under circumstances manifesting extreme indifference to the value of human life," and in the case of the New York statute, "under circumstances evincing a depraved indifference to human life."  N.Y. PENAL LAW § 120.10(3) (McKinney 1990).  This slight variation does not prevent a finding of equivalency.  *See United States v. Rojas-Gutierrez*, 510 F.3d 545, 549 (5th Cir. 2007) ("Even if the fit between the enumerated offense of aggravated assault and the ordinary, contemporary, and common meaning of aggravated assault may not be precise in each and every way, slight imprecision would not preclude our finding a sufficient equivalence.").

In *United States v. Ramirez*, 557 F.3d 200, 205-07 (5th Cir. 2009), we undertook a similar comparison between a state assault statute and the Model Penal Code's definition of "aggravated assault."  Ramirez had been previously convicted under a subsection of New Jersey's aggravated assault statute that provided as follows: "A person is guilty of aggravated assault if he . . . [a]ttempts to cause significant bodily injury to another or causes significant bodily injury purposely or knowingly or, under circumstances manifesting extreme

indifference to the value of human life recklessly causes such significant bodily injury." *Id.* at 206 (quoting N.J. STAT. ANN. § 2C:12-1b(7) (West 2001)). Comparing this statutory definition to the one for "aggravated assault" provided in the Model Penal Code, we concluded under a plain error standard of review that the two were sufficiently similar even though the New Jersey statute used the term "significant bodily injury" while the Model Penal Code used the term "serious bodily injury." *Id.* at 207. Likewise, in Bailey's case, the terms "bodily" and "physical" are sufficiently similar.

The generic, contemporary meaning of the crime of aggravated assault as established by the Model Penal Code is sufficiently similar to the crime of assault in the first degree as proscribed by New York Penal Law § 120.10(3). Accordingly, it is an "enumerated offense" for purposes of the § 2L1.2(b)(1)(A)(ii) enhancement, and the district court did not plainly err by imposing the 16-level enhancement based on this conviction. Because the conviction for assault in the first degree qualifies as a COV and therefore is sufficient to impose the 16-level enhancement, we need not determine whether Bailey's conviction for assault in the second degree also qualifies as a COV. *See United States v. Cruz-Rodriguez*, 625 F.3d 274, 277 (5th Cir. 2010) (per curiam).

AFFIRMED.