**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 11 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BENJAMIN BAUTISTA-MAGALLON, | No. 08-71621 |
| Petitioner, | Agency No. A044-584-928 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued February 10, 2012
Submitted September 11, 2014
Pasadena, California

Before: WARDLAW and CALLAHAN, Circuit Judges, and MARTINEZ, District
Judge.**

Benjamin Bautista-Magallon petitions for review of a decision of the Board

of Immigration Appeals (BIA) dismissing his appeal from an immigration judge's

decision finding that his convictions under sections 69 and 71 of the California

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Ricardo S. Martinez, District Judge for the U.S.
District Court for the Western District of Washington, sitting by designation.

Penal Code ("CPC") render him removable as an alien convicted of an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii). The BIA concluded that Bautista-Magallon's conviction for resisting an executive officer under CPC § 69 satisfies the definition of a categorical "crime of violence" aggravated felony under 8 U.S.C. § 1101(a)(43)(F).[1] We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D) and grant Bautista-Magallon's petition for review.

CPC § 69 is a statute that may be violated in two distinct ways: by attempting through threats or violence to deter an officer from performing a duty imposed by law, or by resisting an officer in the performance of his duty by force or violence. *See Flores-Lopez v. Holder*, 685 F.3d 857, 862 (9th Cir. 2012) (citing *People v. Lopez*, 129 Cal. App. 4th 1508 (2005)). Neither version of the offense matches the generic definition of a crime of violence. The "actually resisting an officer" prong defines a crime of general intent that may be committed with only *de minimis* force and without a substantial risk that force will be used with intent. *See id.* at 863-65. The "attempting to deter" prong proscribes threats that may not involve violence or a substantial risk of violence. *See, e.g.*, *People v. Anderson*, 151 Cal. App. 3d 893, 897 (1984). Accordingly, there is no need to apply the modified categorical approach to determine "which version of the offense

---

[1] The BIA did not reach petitioner's additional conviction under CPC § 71.

2

[Bautista-Magallon] was convicted of," as neither version matches the definition of a crime of violence under 18 U.S.C. § 16. *Descamps v. United States*, 133 S. Ct. 2276, 2284 (2013); *see also Aguilar-Turcios v. Holder*, 740 F.3d 1294, 1300-02 (9th Cir. 2014) (applying *Descamps* to a determination of removability under the Immigration and Naturalization Act).

Nor does CPC § 71 define a categorical crime of violence. CPC § 71 criminalizes threats of unlawful injury to a person or property made to deter a school official or public officer or employee from his or her duties, irrespective of "the gravity of the harm threatened." *In re Ernesto H.*, 125 Cal. App. 4th 298, 311 (2004). CPC § 71 therefore criminalizes conduct well beyond the "category of violent, active" offenses contemplated by 18 U.S.C. § 16. *Leocal v. Ashcroft*, 543 U.S. 1, 11 (2004). We need not remand to the BIA to address this issue in the first instance, as "only legal questions remain and these questions do not invoke the Board's expertise." *Flores-Lopez*, 685 F.3d at 865 (quoting *Fregozo v. Holder*, 576 F.3d 1030, 1036 (9th Cir. 2009)).

Because Bautista-Magallon's convictions under CPC sections 69 and 71 were not for aggravated felonies under 8 U.S.C. § 1101(a)(43)(f), we grant the petition for review and remand with instructions to vacate the order of removal.

**PETITION GRANTED AND REMANDED.**