# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50327
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 29, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

ANGEL LEONEL GUZMAN-MATIAS,

Defendant–Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-559-1

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Angel Leonel Guzman-Matias appeals the sentence imposed following his conviction for illegal reentry into the United States. He contends that the district court erred in applying the crime-of-violence (COV) enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on his 2008 California conviction for infliction of corporal injury on a spouse or cohabitant. He first argues that the enhancement was erroneous because his presentence report (PSR) contained

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conflicting dates regarding when his California offense occurred and lacked information showing that he possessed the requisite *mens rea* for the offense. He also argues that his California offense does not categorically qualify as a COV because it could have been committed merely by minimal offensive touching.

In reviewing challenges to a COV enhancement that were preserved in the district court, we review the district court's factual findings for clear error and its interpretation and application of the Sentencing Guidelines de novo. *United States v. Chacon*, 742 F.3d 219, 220 (5th Cir. 2014). "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." *United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010). Even assuming that Guzman-Matias's instant arguments were preserved, the arguments are unavailing.

The Government has filed an unopposed motion to supplement the record on appeal with a copy of the plea agreement from Guzman-Matias's California case. The motion to supplement the record is GRANTED. The plea agreement indicates that Guzman-Matias agreed to plead guilty to an amended third count for corporal injury to a spouse or cohabitant, an offense under CAL. PENAL CODE § 273.5(a). We conclude that the district court's finding that such conviction did in fact occur is not clearly erroneous. To the extent Guzman-Matias wishes to challenge the validity of his California conviction on the ground that the stipulated factual basis in that case did not include the requisite *mens rea*, he may not do so collaterally here. *See United States v. Longstreet*, 603 F.3d 273, 277 (5th Cir. 2010).

In his second argument, Guzman-Matias contends that his conviction under § 273.5(a) does not qualify as a COV because it could have been committed merely by offensive touching, no matter how slight the touching.

According to Guzman-Matias, the force required for a COV therefore was not an element of an offense under § 273.5(a).

Guzman-Matias has not shown that a conviction under § 273.5(a) for non-violent, light touching is a realistic probability, rather than a mere theoretical possibility. *See United States v. Carrasco-Tercero*, 745 F.3d 192, 197-98 (5th Cir. 2014) ("Theoretical applications of a statute to conduct that would not constitute a crime of violence do not demonstrate that the statutory offense is categorically not a crime of violence."). To the contrary, we have held that an offense under § 273.5(a) categorically qualifies as a COV under § 2L1.2 because it has as an element the use, attempted use, or threatened use of physical force against the person of another. *United States v. Cruz-Rodriguez*, 625 F.3d 274, 276 (5th Cir. 2010) (per curiam) (citing with approval *United States v. Gutierrez*, 371 F. App'x 550, 551 (5th Cir. 2010)); *see* § 2L1.2, cmt. n.1(B)(iii). Guzman-Matias has not shown that the district court erred in applying the COV enhancement.

The Government has moved for summary affirmance in this case. Summary affirmance is not appropriate, and the Government's motion is DENIED. *See United States v. Holy Land Found. for Relief and Dev.*, 445 F.3d 771, 781 (5th Cir. 2006). The Government's alternative motion for an extension of time to file a brief is also DENIED, as Guzman-Matias is not entitled to relief and further briefing is unnecessary.

The judgment of the district court is AFFIRMED.