# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-51335
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 8, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LEOPOLDO CARDENAS-BUCIO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-438-1

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Leopoldo Cardenas-Bucio was convicted of one charge of illegal reentry into the United States and was sentenced to serve 57 months in prison and a three-year term of supervised release. In this appeal, he raises several challenges to his sentence, some of which are reviewed for plain error only due to his failure to present them to the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-51335

Preserved claims of sentencing error are reviewed for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). On the other hand, when the defendant fails to object at sentencing to the procedural or substantive reasonableness of his sentence, review is for plain error. *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009); *United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007). To establish plain error, a defendant must show an error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks, modification, and citation omitted). If he makes such a showing, we have the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Cardenas-Bucio has not met these standards. His first argument, that his burglary conviction should not have been classed as a crime of violence (COV) under U.S.S.G. § 2L1.2, is misplaced because the record shows that this conviction was not so classed. Similarly unavailing is his claim that the district court erred by concluding that his conviction for corporal injury to a cohabitant was a COV, as we have previously held that the statute underlying that conviction qualified as a COV for § 2L1.2 purposes. *See United States v. Cruz-Rodriguez*, 625 F.3d 274, 276 (5th Cir. 2010).

Finally, his argument that certain prior convictions should not have been used to calculate his guidelines sentencing range due to infirmities in these convictions, while preserved, is unavailing. We do not "entertain collateral attacks on prior state convictions made during federal sentencing proceedings when, as here, the defendant does not allege that the prior conviction was uncounseled." *United States v. Longstreet*, 603 F.3d 273, 277 (5th Cir. 2010).

AFFIRMED.