# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
January 6, 2016

Lyle W. Cayce
Clerk

No. 15-40491
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE LUIS IRAHETA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:14-CR-927-1

Before DAVIS, JONES, and DENNIS,  Circuit Judges.

PER CURIAM:[*]

Jose Luis Iraheta appeals the sentence imposed following his conviction for illegal reentry into the United States in violation of 8 U.S.C. § 1326.  He contends that the district court erred in applying the crime-of-violence (COV) enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on his 2006 conviction for infliction of corporal injury on a spouse or cohabitant under California Penal Code § 273.5(a).  He acknowledges that we have held that an offense

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40491

under § 273.5(a) categorically qualifies as a COV under § 2L1.2 in *United States v. Cruz-Rodriguez*, 625 F.3d 274, 276 (5th Cir. 2010), and *United States v. Gutierrez*, 371 F. App'x 550, 551 (5th Cir. 2010), but he argues that these cases were overruled by *Descamps v. United States*, 133 S. Ct. 2276 (2013), and that we ignored a conflicting Ninth Circuit case, *Morales-Garcia v. Holder*, 567 F.3d 1058, 1063 (9th Cir. 2009).

Iraheta argues that *Descamps* precludes application of the modified categorical approach, but he does not explain why the modified categorical approach would need to be applied, when we have already held that the statute, by its very terms, is a categorical COV because the use of physical force against the person of another is an element of the statute. *See Cruz-Rodriguez*, 625 F.3d at 276. The decision in *Morales-Garcia*, 567 F.3d at 1064-67, was based on the law pertaining to crimes of moral turpitude in the immigration context and is irrelevant to the determination whether the statute is a COV under the use of force prong rather than the enumerated offense prong in § 2L1.2.

In reviewing a challenge to a COV enhancement that was preserved in the district court, we review the district court's factual findings for clear error and its interpretation and application of the Sentencing Guidelines de novo. *United States v. Chacon*, 742 F.3d 219, 220 (5th Cir. 2014). "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." *United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010).

We have held that an offense under § 273.5(a) categorically qualifies as a COV under § 2L1.2 because it has as an element the use, attempted use, or threatened use of physical force against the person of another. *Cruz-Rodriguez*, 625 F.3d at 276. We cited with approval our prior unpublished opinion in *Gutierrez* and the Ninth Circuit's decision in

No. 15-40491

*United States v. Laurico-Yeno*, 590 F.3d 818 (9th Cir. 2010), which rejected the argument that a conviction under § 273.5(a) does not qualify as a COV because it could have been committed merely by minimal, non-violent touchings. *See Laurico-Yeno*, 590 F.3d at 821-22; *Gutierrez*, 371 F. App'x at 551. The cases interpreting the statute have held that a defendant can be convicted of § 273.5 only if he intentionally uses direct physical force against the person of another resulting in a traumatic condition. *See Cruz-Rodriguez*, 625 F.3d at 276; *Laurico-Yeno*, 590 F.3d at 821-23; *Banuelos-Ayon v. Holder*, 611 F.3d 1080, 1083-85 (9th Cir. 2010); *United States v. Ayala-Nicanor*, 659 F.3d 744, 749-52 (9th Cir. 2011). "The critical aspect of [18 U.S.C.] § 16(a) is that a crime of violence is one involving the 'use ... of physical force against the person or property of another.'" *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004). Iraheta's argument that § 273.5 is a simple battery and not in the category of a violent crime as defined in *Leocal* has also been rejected by the previously cited authorities.

None of Iraheta's arguments shows that our decision in *Cruz-Rodriguez* has been overruled by the Supreme Court or this Circuit en banc. *See United States v. Segura*, 747 F.3d 323, 328 (5th Cir. 2014).

The Government has moved for summary affirmance. Summary affirmance is not appropriate, and the Government's motion is DENIED. *See United States v. Holy Land Found. for Relief and Dev.*, 445 F.3d 771, 781 (5th Cir. 2006). The Government's alternative motion for an extension of time to file a brief is also DENIED, as Iraheta is not entitled to relief and further briefing is unnecessary.

The judgment of the district court is AFFIRMED.