**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAVIER ARELLANO HERNANDEZ, *Petitioner*, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, *Respondent.* | No. 11-72286 <br><br> Agency No. A017-214-318 <br><br><br> OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 12, 2016
San Francisco, California

Filed August 1, 2016

Before: J. Clifford Wallace, Mary M. Schroeder,
and N. Randy Smith, Circuit Judges.

Opinion by Judge N.R. Smith

## SUMMARY[*]

### Immigration

The panel denied Javier Arellano Hernandez's petition for review of the Board of Immigration Appeals' decision finding him removable and ineligible for cancellation of removal because his conviction for attempted criminal threats constitutes a crime of violence and aggravated felony.

The panel held that Arellano Hernandez's conviction for criminal threats under California Penal Code § 422 is a categorical crime of violence, and that the § 664 "attempt" portion did not alter the crime of violence determination. The panel also held that Arellano Hernandez's § 422 conviction, which is a wobbler offense punishable under California law as a felony or misdemeanor, is an aggravated felony because the superior court designated it a felony and sentenced him to 365 days in jail. The panel thus found Arellano Hernandez removable pursuant to 8 U.S.C. § 1101(a)(43)(F) and ineligible for cancellation of removal.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

John Gore (argued), Jones Day, Washington, D.C.; Beong-Soo Kim, Jones Day, Los Angeles, California; for Petitioner.

Don Scroggin (argued) and Sarah Maloney, Attorneys; Linda S. Wernery, Assistant Director; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

**OPINION**

N.R. SMITH, Circuit Judge:

Javier Arellano Hernandez's conviction for attempted criminal threats, pursuant to California Penal Code sections 422 and 664, constitutes an aggravated felony for which he is removable. *See* 8 U.S.C. § 1101(a)(43)(F). First, attempted criminal threats is categorically a crime of violence as defined under 18 U.S.C. § 16(a). Second, the California superior court designated the conviction as a felony and imposed a sentence of "at least one year."

**I.**

In 1967, Arellano Hernandez entered the United States with his parents as a legal permanent resident. In March 2009, Arellano Hernandez pleaded guilty to unlawful possession of drug paraphernalia and was sentenced to six days' imprisonment. In September 2009, a jury convicted him of three separate crimes: (1) attempted criminal threats, a felony in violation of California Penal Code sections 422 and 664; (2) simple assault, a misdemeanor in violation of

California Penal Code section 240; and (3) false imprisonment, a misdemeanor in violation of California Penal Code section 236. The superior court imposed a suspended sentence for attempted criminal threats and placed Arellano Hernandez on probation for a period of three years with certain terms and conditions, including 365 days in jail. The court stayed sentencing the misdemeanor counts of simple assault and false imprisonment pending Arellano Hernandez's probation.

As a result of these convictions, the Department of Homeland Security ("DHS") began removal proceedings and issued a Notice to Appear. DHS alleged that Arellano Hernandez was removable under 8 U.S.C. § 1101(a)(43)(F), (U), because of his March 2009 drug paraphernalia conviction and his September 2009 attempted criminal threats conviction.

At a hearing before the immigration judge ("IJ"), Arellano Hernandez conceded removability based on the drug paraphernalia conviction. However, Arellano Hernandez contested whether his criminal threats conviction constituted an aggravated felony; therefore he requested cancellation of removal.[1] The IJ ultimately concluded that Arellano Hernandez was sentenced to 365 days in jail for the attempted criminal threats conviction. Thus, Arellano Hernandez had been convicted of a crime of violence and an aggravated felony.

---

[1] In a Fed. R. App. P. 28(j) letter, Arellano Hernandez also challenged his removability based on the drug paraphernalia conviction in light of *Mellouli v. Lynch*, 135 S. Ct. 1980 (2015). Because we affirm the BIA on the aggravated felony charge, we need not address this issue.

The Board of Immigration Appeals ("BIA") dismissed the appeal and affirmed the IJ's conclusion that Arellano Hernandez was convicted of a crime of violence and an aggravated felony. Arellano Hernandez was therefore ineligible for cancellation of removal.

## II.

In its decision, the BIA reviewed the IJ's findings of fact for clear error and questions of law de novo. Where the BIA conducts de novo review of the IJ's decision, we limit our review to the BIA's decision, except to the extent that the BIA expressly adopted the IJ's decision. *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006). However, where the BIA conducts a clear error review, it relies "upon the IJ's opinion as a statement of reasons"; therefore, we can "look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion." *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008) (quoting *Kozulin v. INS*, 218 F.3d 1112, 1115 (9th Cir. 2000)). "In so doing, we review here the reasons explicitly identified by the BIA, and then examine the reasoning articulated in the IJ's oral decision in support of those reasons." *Id.*

We review de novo whether a particular conviction under state law is a removable offense. *Coronado-Durazo v. INS*, 123 F.3d 1322, 1324 (9th Cir. 1997). We defer to the BIA's interpretation of its own regulation when that interpretation "is neither clearly erroneous nor inconsistent with the regulation[]." *Singh-Bhathal v. INS*, 170 F.3d 943, 945 (9th Cir. 1999). "We review *de novo* claims of due process violations in immigration proceedings." *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). Factual findings

are reviewed for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006).

## III.

Arellano Hernandez argues that his conviction under California Penal Code sections 422 and 664 is not an aggravated felony or a crime of violence. We disagree. We affirm our prior precedent, which held that a conviction under sections 422 and 664 is categorically a crime of violence. Further, because the superior court designated Arellano Hernandez's conviction as a felony and sentenced him to 365 days in jail, his conviction is also an aggravated felony.

## A.

A "crime of violence" includes any "offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). California Penal Code section 422(a) (2009) provides:

> Any person who willfully threatens to commit a crime which will result in death or great bodily injury to another person, with the specific intent that the statement, made verbally, in writing, or by means of an electronic communication device, is to be taken as a threat, even if there is no intent of actually carrying it out, which, on its face and under the circumstances in which it is made, is so unequivocal, unconditional, immediate, and specific as to convey to the person threatened, a gravity of purpose and an

immediate prospect of execution of the threat, and thereby causes that person reasonably to be in sustained fear for his or her own safety or for his or her immediate family's safety, shall be punished by imprisonment in the county jail not to exceed one year, or by imprisonment in the state prison.

In our prior precedent regarding section 422, we have held that a conviction under this statute is a crime of violence. *See, e.g.*, *United States v. Villavicencio-Burruel*, 608 F.3d 556, 563 (9th Cir. 2010); *Rosales-Rosales v. Ashcroft*, 347 F.3d 714, 717 (9th Cir. 2003). In *Villavicencio-Burruel*, we concluded that, based on the plain language of the statute, "section 422's elements necessarily include a threatened use of physical force 'capable of causing physical pain or injury to another person.'" 608 F.3d at 562 (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010)). Arellano Hernandez challenges the validity of this holding in light of (1) other California criminal threat statutes, which are not crimes of violence; (2) Fourth and Fifth Circuit law, concluding section 422 is not a crime of violence; and (3) our recent case *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015). None of these arguments provide a basis for us to overturn our prior precedent.

First, neither of the other California criminal threat statutes, California Penal Code sections 69[2] or 71,[3] are

---

[2] Penal Code section 69 is titled "Obstructing or Resisting Executive Officer in Performance of Duties."

[3] Penal Code section 71 is titled "Threatening Public Officers and Employees and School Officials."

analogous to section 422. As we have previously recognized, neither section 69 nor section 71 include the elements of a threatened use of physical force. *See Flores-Lopez v. Holder*, 685 F.3d 857, 863 (9th Cir. 2012); *Bautista-Magallon v. Holder*, 584 F. App'x 300, 301 (9th Cir. 2014).

Second, contrary decisions of our sister circuits have no effect on our jurisprudence. The Fourth and Fifth Circuits reasoned that section 422 does not qualify categorically as a crime of violence under the element test, because one could threaten to poison another, which is not (under their precedent) "force," and therefore not a crime of violence. *See United States v. Torres-Miguel*, 701 F.3d 165, 168–69 (4th Cir. 2012); *United States v. Cruz-Rodriguez*, 625 F.3d 274, 276 (5th Cir. 2010). However, this reasoning has been rejected by the Supreme Court. *United States v. Castleman*, 134 S. Ct. 1405, 1415 (2014) ("The 'use of force' . . . is not the act of 'sprinkling' the poison; it is the act of employing poison knowingly as a device to cause physical harm. That the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter." (alteration omitted)); *see also United States v. De La Fuente*, 353 F.3d 766, 770–71 (9th Cir. 2003) (concluding that a threat of anthrax poisoning constituted a "threatened use of physical force" because the defendant's "letters clearly threatened death by way of physical contact with anthrax spores"). Further *Villavicencio-Burruel* remains the law of this circuit. Absent intervening higher authority, "a three-judge panel may not overrule a prior decision of the court." *Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (en banc).

Finally, *Dimaya* does not compel a different conclusion. In *Dimaya*, we concluded that 8 U.S.C. § 1101(a)(43)(F)'s definition of "crime of violence" was void for vagueness as

it related to 18 U.S.C. § 16(b).[4]  803 F.3d at 1120 (citing *Johnson v. United States*, 135 S. Ct. 2551, 2558 (2015)); *see also United States v. Hernandez-Lara*, 817 F.3d 651, 652 (9th Cir. 2016) (per curiam).  However, *Dimaya* did not "cast any doubt on the constitutionality of 18 U.S.C. § 16(a)'s definition of a crime of violence."  803 F.3d at 1120 n.17. Arellano Hernandez does not challenge the constitutionality of § 16(a).  Thus, applying our precedent, section 422 is categorically a crime of violence.

The "attempt" portion of Arellano Hernandez's conviction does not alter our determination that the conviction is a crime of violence.  We have "generally found attempts to commit crimes of violence, enumerated or not, to be themselves crimes of violence."  *United States v. Riley*, 183 F.3d 1155, 1160 (9th Cir. 1999); *cf.* 8 U.S.C. § 1101(a)(43)(U) (providing that an aggravated felony includes the attempt to commit the offense).  California's attempt statute is coextensive with an "attempt" at common law.  *United States v. Saavedra-Velazquez*, 578 F.3d 1103, 1110 (9th Cir. 2009).  Therefore, Arellano Hernandez's conviction for attempted criminal threats is categorically a crime of violence.

## B.

Arellano Hernandez was convicted of violating California Penal Code section 422, which can be punished as either a felony or misdemeanor offense.  *See* Cal. Penal Code

---

[4] Crime of violence under subsection (b) is defined as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  18 U.S.C. § 16(b).

§ 422(a). This dual classification is also known as a "wobbler" under California law. *See Ewing v. California*, 538 U.S. 11, 16 (2003). "Under California law, a 'wobbler' is presumptively a felony and 'remains a felony except when the discretion is actually exercised' to make the crime a misdemeanor." *Id.* An offense is "deemed a felony" when a defendant is convicted and "granted probation without the imposition of a sentence." *People v. Feyrer*, 226 P.3d 998, 1007 (Cal. 2010), *superseded by statute on another ground as stated in People v. Park*, 299 P.3d 1263, 1266 n.4 (Cal. 2013). The offense remains a felony unless the sentencing court subsequently reduces it to a misdemeanor. *Id*.

Here, Arellano Hernandez's conviction was "deemed a felony." The superior court suspended Arellano Hernandez's sentence and placed him on probation. As part of Arellano Hernandez's terms and conditions of probation, the superior court ordered him to serve 365 days in the county jail. At no time did the superior court ever declare the offense to be a misdemeanor nor did the superior court ever subsequently reduce the felony offense. *See* Cal. Penal Code § 17(b).

Arellano Hernandez argues that the superior court's judgment designated his conviction as a misdemeanor. Arellano Hernandez misreads the superior court's judgment. First, the court acknowledged that the jury found Arellano Hernandez guilty of three separate counts: (1) attempted criminal threats "in violation of Penal Code section 664/422, a felony"; (2) simple assault "in violation of Penal Code section 240, a misdemeanor"; and (3) false imprisonment "in violation of Penal Code section 236 . . . , a misdemeanor." Second, as part of the superior court's sentence, it ordered "the misdemeanor counts stayed." Thus, the record is clear that the superior court sentenced Arellano Hernandez to 365

days in jail for the attempted criminal threats, and it did not reduce the crime to a misdemeanor either directly or implicitly.

## C.

A crime of violence is an aggravated felony if "the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F). "Any reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part." *Id.* at § 1101(a)(48)(B).

Arellano Hernandez was found guilty of a felony offense under sections 422 (criminal threats) and 664 (attempt). California Penal Code section 422(a) outlines the punishment for this charge as either "imprisonment in the county jail not to exceed one year, or by imprisonment in the state prison."[5]

Arellano Hernandez argues that the IJ erred in concluding the 365-day jail term was for the attempted criminal threats conviction. We disagree. The record shows that the superior court imposed a 365-day jail term. This sentence of 365 days equates to imprisonment of "at least one year." *See Habibi v. Holder*, 673 F.3d 1082, 1085–86 (9th Cir. 2011). If the superior court had concluded that the conviction was to be treated as a misdemeanor, the maximum sentence Arellano Hernandez could have received was six months. Cal. Penal Code §§ 422, 664. However, the superior court did not

---

[5] Section 664 reduces the penalty, where the crime is merely "attempted." Cal. Penal Code § 664(a).

impose a misdemeanor sentence (as discussed above), but rather imposed probation on the sole count of attempted criminal threats.

The superior court was not imposing a sentence on all three convictions, because it ordered "the misdemeanor counts stayed." There is no ambiguity to this statement; the superior court suspended the sentence and only placed Arellano Hernandez on probation with regard to the felony conviction.[6] Thus, Arellano Hernandez was sentenced to at least one year. *See United States v. Mendoza-Morale*s, 347 F.3d 772, 775 (9th Cir. 2003) (holding, in the context of United States Sentencing Guidelines § 4A1.2(b)(1), days in incarceration as a term of probation should be counted in calculating the term of imprisonment).

The BIA properly denied Arellano Hernandez's application for cancellation of removal based on his conviction for an aggravated felony offense.

**PETITION FOR REVIEW DENIED.**

---

[6] Whether the court was applying California Penal Code section 654 is not relevant to this court's determination. California Penal Code section 654(a) provides that an act "that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment." Section 654 therefore provides that a person can only be punished (to the "longest potential term of imprisonment") for one crime arising out of the same conduct. Cal. Penal Code § 654; *see also People v. Correa*, 278 P.3d 809, 812 (Cal. 2012).