**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

SEP 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



BENJAMIN GONZALEZ-GONZALEZ,
AKA Benjamin Gonzales,

        Petitioner,

  v.

WILLIAM P. BARR, Attorney General,

        Respondent.

No.   15-71965

Agency No. A092-651-034

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2019**
Pasadena, California

Before:  BERZON, R. NELSON, and BADE, Circuit Judges.

    Benjamin Gonzalez-Gonzalez ("Gonzalez") seeks review of a

final administrative order denying his applications for cancellation of

removal and inadmissibility waivers.  Gonzalez argues:  (1) he was

not inadmissible at the time he adjusted to lawful permanent resident

---

     *     This disposition is not appropriate for publication and is
not precedent except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for
decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("LPR") status because his convictions were misdemeanors under California law, and (2) he may not be charged with removability based on his 1984 and 1985 criminal convictions under Supreme Court precedent. We have jurisdiction under 8 U.S.C. § 1252(a) and deny the petition for review.

1. At the time Gonzalez adjusted his status in 1989, Gonzalez had two felony convictions: the first in 1984 for possession or purchase for sale of a controlled substance in violation of California Health and Safety Code § 11351 and the second in 1985 for attempting to burn a structure and commit an act preliminary thereto in violation of California Penal Code § 455. Gonzalez argues that neither of these were felony convictions because he only served county jail time and under his interpretation of *United States v. Bridgeforth*, 441 F.3d 864 (9th Cir. 2006), "a sentence to county jail time automatically converts the offense to a misdemeanor for all purposes." The *Bridgeforth* decision considered one of California's "wobbler" statutes, *id.* at 871–72, which can be punished as either a felony or misdemeanor offense. *Arellano Hernandez v. Lynch*, 831 F.3d 1127, 1132 (9th Cir. 2016). Neither of Gonzalez's convictions can be classified as "wobblers"—both are felonies punishable by

2

imprisonment for more than one year. *See* Cal. Health & Safety Code § 11351 (punishable by imprisonment for two, three, or four years); Cal. Penal Code § 455 (punishable by imprisonment for 16 months, two or three years). Further, even if the statutes were "wobblers," "[u]nder California law, a wobbler is presumptively a felony and remains a felony except when the discretion is actually exercised to make the crime a misdemeanor." *Ewing v. California*, 538 U.S. 11, 16 (2003) (internal quotation marks omitted). Here, Gonzalez received a two-year prison sentence for his drug conviction and the state court never declared the offense to be a misdemeanor. Even were § 11351 a wobbler, this sentence would have rendered the conviction a felony—making Gonzalez inadmissible—regardless of whether he only served time in county jail. *See Arellano Hernandez*, 831 F.3d at 1132.

2. Gonzalez is also incorrect that the Board of Immigration Appeals could not rely on his 1984 and 1985 convictions to determine that Gonzalez was ineligible for adjustment of status when he became an LPR in 1989. Gonzalez's reliance on *Vartelas v. Holder*, 566 U.S. 257 (2012), where the Supreme Court held that an LPR may not be charged as inadmissible based on a conviction that occurred prior to

April 1, 1997, is misplaced. In *Vartelas*, the Court concluded that the Illegal Immigration Reform and Immigrant Responsibility Act could not be applied retroactively where it "attached a new disability (denial of reentry) in respect to past events" (the petitioner's conviction prior to the enactment of the new law). *Id.* at 261.

Here, no new disability was attached to Gonzalez's prior convictions. Gonzalez adjusted to LPR status under § 1255a(b)(1), a statutory provision that was enacted in 1986. *See* Immigration Reform and Control Act of 1986, Pub. L. No. 99 – 603 § 201, 100 Stat. 3359, 3359 (1986). At the time § 1255a(b)(1) was enacted, Gonzalez was not eligible to obtain LPR status through this new provision, because of his prior convictions. When Congress enacted § 1255a(b)(1), it did not take away a prior right from individuals like Gonzalez who had prior felony convictions in the United States; it declined to grant those individuals a new right.

3. Gonzalez's opposed motion to remand (Docket Entry No. 32) is denied. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1159 (9th Cir. 2019) (initial notice to appear need not include time and date to vest jurisdiction in immigration court).

The petition for review is **DENIED.**

4