NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALMA JUDITH ESPINO JIMENEZ, | No. 17-72201 |
| Petitioner, | Agency No. A208-968-837 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 10, 2020
San Francisco, California

Before: RAWLINSON and CALLAHAN, Circuit Judges, and LASNIK,** District
Judge.

We write primarily for the parties who are familiar with the facts. Alma

Judith Espino Jimenez, a native and citizen of Mexico, appeals from the Board of

Immigration Appeals' ("BIA") final order of removal, arguing that the agency

erred in denying her applications for cancellation of removal, voluntary departure,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Robert S. Lasnik, United States District Judge for the
Western District of Washington, sitting by designation.

withholding of removal, and protection under the Convention Against Torture ("CAT").

As a threshold matter, where, as here, "the BIA conducts its own review of the evidence and law rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (internal quotation marks and citation omitted).

1. *Due Process Claims*

We do not determine whether the IJ proceedings were "so fundamentally unfair that [Jimenez] was prevented from reasonably presenting h[er] case," *Ibarra-Flores v. Gonzalez*, 439 F.3d 614, 620-21 (9th Cir. 2006) (citation omitted), because regardless, Jimenez has not shown that prejudice resulted. *See, e.g.*, *Gomez-Velasco v. Sessions*, 879 F.3d 989, 993 (9th Cir. 2018) (citation omitted). The BIA's *de novo* discretionary review of the merits of Jimenez's cancellation of removal claim rendered any alleged errors by the IJ harmless. *Cf. Ghaly v. I.N.S.*, 58 F.3d 1425, 1430 (9th Cir. 1995).

2. *Cancellation of Removal*

We consider only legal and constitutional challenges to the agency's discretionary denial of cancellation of removal. *See Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012).

First, we reject Jimenez's claim that the BIA erred in applying an incorrect legal standard to its discretionary denial of cancellation of removal. The BIA did not commit legal error in concluding, in its discretion, that Jimenez's negative equities outweighed her positive ones. *See, e.g.*, *Ridore v. Holder*, 696 F.3d 907, 920 (9th Cir. 2012). While the BIA's articulation of the applicable legal standard might have been more precise, its use of the term "truly countervailing equities" did not constitute application of an erroneous threshold standard, as was rejected in *In re Sotelo-Sotelo*, 23 I. & N. Dec. 201, 203-04 (BIA 2001).

Second, we reject Jimenez's claim that the agency improperly considered her alcoholism as a negative factor in weighing the equities in her case. Although the BIA mentioned Jimenez's alcoholism in a paragraph describing "the negative side of the discretionary equation," its description merely provided context to its summary of Jimenez's multiple criminal offenses involving alcohol consumption.

Third, we reject Jimenez's claim that the agency erred by wholly ignoring two categories of evidence in balancing the positive and negative equities in her case. Our review of the record persuades us that the BIA adequately considered all relevant evidence in denying Jimenez's application for cancellation of removal as a matter of discretion. *See Vilchez*, 682 F.3d at 1200-01 (citations omitted).

Because Jimenez fails to raise any cognizable legal or constitutional challenge to the agency's discretionary determination, we lack jurisdiction and

3

DISMISS her petition for review of her cancellation of removal claim. *See id.* at 1201.

3. *Voluntary Departure*

For the same reasons set forth above, we lack jurisdiction over and DISMISS Jimenez's petition for review of the BIA's discretionary denial of her request for voluntary departure. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1176 (9th Cir. 2013) (citing 8 U.S.C. §§ 1252(a)(2)(B)(i), 1299c(f)).

4. *Withholding of Removal*

We review the BIA's denial of Jimenez's application for withholding of removal for substantial evidence. *Vitug v. Holder*, 723 F.3d 1056, 1062 (9th Cir. 2013). Under the substantial evidence standard, "we may not reverse unless we determine that any reasonable factfinder would have been compelled to reach that conclusion." *Lolong v. Gonzalez*, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc) (citations omitted). Because the BIA reviewed the IJ's findings regarding withholding of removal for clear error, we may "look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion." *Arellano Hernandez v. Lynch*, 831 F.3d 1127, 1130 (9th Cir. 2016) (citation omitted).

First, we reject Jimenez's argument that the BIA's conclusions regarding withholding of removal are not supported by substantial evidence. The agency reviewed the background documents in the record, which do not compel the

conclusion that Jimenez will more likely than not face persecution due to her sexual orientation. *See, e.g.*, *Lolong*, 484 F.3d at 1178.

Second, we reject Jimenez's argument that the BIA failed to consider all evidence in the record before denying her application for withholding of removal. *See Szonyi v. Whitaker*, 915 F.3d 1228, 1258-59 (9th Cir. 2019) (citations omitted) ("[T]his court generally presumes that the BIA thoroughly consider[ed] all relevant evidence in the record."). Because there is no indication that the BIA failed to consider all of the evidence, it did not err by not specifically mentioning each piece of evidence submitted. *See Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011).

Third, we reject Jimenez's contention that the BIA erroneously relied on legally irrelevant factors in denying her application for withholding of removal. The BIA did not "falsely equate[]" Mexican legislative efforts with "on-the-ground progress." *Cf. Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1075 (9th Cir. 2017) (en banc). The agency referenced several articles describing legislative efforts in Mexico, but also indicated that it considered the additional record evidence, including country conditions evidence. Given its full consideration of the evidence, the agency did not err in referencing Mexican legislative efforts. Additionally, the agency did not err in merely noting that Jimenez had not suffered past harm in Mexico. Evidence of past persecution may always be a consideration in withholding of removal cases, because "past persecution gives rise to a

5

presumption of a sufficient likelihood of future torture." *Ming Dai v. Sessions*, 884 F.3d 858, 874 (9th Cir. 2018). That presumption did not apply here, and the BIA ultimately grounded its determination in the likelihood that Jimenez would be persecuted upon return to Mexico.

Jimenez's petition for review of her withholding of removal claim is DENIED.

5. *CAT Protection*

We review the BIA's denial of CAT relief for substantial evidence. *Vitug*, 723 F.3d at 1062. Substantial evidence supports the BIA's conclusion that Jimenez failed to demonstrate it was more likely than not that she would be tortured at the acquiescence of the Mexican government. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (internal quotation marks and citation omitted). We DENY Jimenez's petition for review of the BIA's denial of CAT protection.

6. Pereira *Issue*

We reject Jimenez's argument that the immigration court lacked jurisdiction over her in the first instance because no proper charging document was filed.[1] Jimenez's reliance on the Supreme Court's opinion in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), is misplaced. *Pereira*, which was issued after the opening and answering briefs were filed in this case, merely held that a Notice to Appear that fails to provide the time or place at which immigration proceedings will be held does not trigger the "stop-time" rule for purposes of cancellation of removal. *Id.* at 2110; *see also Karingithi v. Whitaker*, 913 F.3d 1158, 1159 (9th Cir. 2019). Because Jimenez received the time, date, and location of her hearing five days after her Notice to Appear, *see Karingithi*, 913 F.3d at 1161-62 (quoting *Matter of Bermudez-Cota*, 27 I. & N. Dec. 441, 447 (BIA 2018)); *see also Matter of Rosales*

---

[1] Although we "will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief," *see Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003) (internal quotation marks and citations omitted), we have discretion to review an issue raised for the first time on reply "if the failure to raise the issue properly did not prejudice the defense of the opposing party." *Alcaraz v. I.N.S.*, 384 F.3d 1150, 1161 (9th Cir. 2004). Considering the government's Rule 28(j) letter and our disposition of this issue, we find the government will not suffer prejudice in this instance. *See id.* Further, although Jimenez did not exhaust this issue before the agency, where, as here, "the agency's position on the question at issue 'appears already set,' and it is 'very likely' what the result of recourse to administrative remedies would be, such recourse would be futile and is not required" under the doctrine of exhaustion. *See El Rescate Legal Servs., Inc. v. Exec. Office of Immigration Review*, 959 F.2d 742, 747 (9th Cir. 1991) (as amended).

7

*Vargas*, 27 I. & N. Dec. 745, 747-49 (BIA 2020), we decline to conclude that the IJ lacked jurisdiction over Jimenez's proceedings.

7.  *Motion to Seal Disposition*

We have carefully considered the sensitivity of the information in Jimenez's case as raised in her motion to seal the disposition (*see* Dkt. #26) and discussed at oral argument.  Because our disposition does not present unnecessary sensitive information, we DENY Jimenez's motion to seal.  *See United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008) (recognizing "the fundamental importance of issuing public decisions after public arguments based on public records").

8.  *Conclusion*

For all the foregoing reasons, Jimenez's petitions for review of her cancellation of removal and voluntary departure claims are **DISMISSED** for lack of jurisdiction.  Jimenez's petitions for review of her withholding of removal and CAT claims are **DENIED**.  Finally, her motion to seal the disposition (Dkt. #26) is **DENIED**.



***Jimenez v. Barr*, Case No. 17-72201
Rawlinson, Circuit Judge, concurring**

    I concur in the result.