NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 17 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GILBERTO PLEITEZ PLEITEZ, AKA Gilberto Plietez Plietez, | No.    20-72321 |
| Petitioner, | Agency No. A208-152-764 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2021[**]

Before:    WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Gilberto Pleitez Pleitez, a native and citizen of El Salvador, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review for abuse of discretion the BIA's denial of a motion to remand. *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013). We review de novo claims of due process violations in immigration proceedings. *Arellano Hernandez v. Lynch*, 831 F.3d 1127, 1130 (9th Cir. 2016). We deny the petition for review.

Pleitez Pleitez failed to establish that the harm he experienced or fears was or would be on account of a protected ground, including his religious beliefs. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (a petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

The BIA did not abuse its discretion by denying Pleitez Pleitez's motion to remand where he did not delineate the proposed particular social group for which he contends the IJ failed to seek clarification. *See Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (applicants "who seek to remand or reopen proceedings to pursue relief bear a 'heavy burden' of proving that, if proceedings were reopened, the new evidence would likely change the result in the case" (*quoting Matter of*

2                                                                20-72321

*Coelho*, 20 I. & N. Dec. 464, 473 (BIA 1992))); *see also Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 191 (BIA 2018) (noting that "it is an applicant's burden to specifically delineate [his] proposed social group").

Pleitez Pleitez's contention that the BIA's denial of his request to remand violated his right to due process fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

Thus, Pleitez Pleitez's asylum and withholding of removal claims fail.

In his opening brief, Pleitez Pleitez does not challenge the determination that he did not demonstrate eligibility for CAT relief, and thus he has waived the claim. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**